Van Voobhis, J. (dissenting).
The injunctive relief against respondent-appellant is too broad, in my opinion, under the order appealed from. It may well be that his activities with respect to Mexican divorces did constitute unlawful practice in New York State in violation of section 270 of the Penal Law, for the reason that the advice given or the services rendered by him had a relation to questions of status, property or other rights or obligations in New York. Nevertheless, the injunction goes so far as to restrain him from holding himself out as a Mexican attorney, or from giving any advice with respect to foreign law or the rendering of any legal services here which pertain exclusively to a foreign jurisdiction.
This is more than the opinion of the Appellate Division purports to sanction, although it affirmed without modifying the injunction granted by Special Term. Sections 270 and 271 of the Penal Law forbid, in my opinion, the practice of law in the courts of this State or by advising with respect to law binding in this State, but do not forbid advising in reference to the laws of other countries or the preparation of papers for use in the courts of other countries where questions of status, property or other rights or obligations in New York are not affected. “ To hold that the word law or laws, as used in our statute *234 book, includes any other laws than such as are of force in this state, would lead to endless confusion ” (People v. Sturdevant, 23 Wend. 418, 421).
Not only does the context indicate that sections 270 and 271 of the Penal Law relate to laws in force in this State, but it is also noteworthy that neither of these sections mentions advice regarding laws of other nations. It is evident that the Legislature was aware of the difference between the practice of domestic law and of foreign law, and had no difficulty in employing language relating to the practice of foreign law when that subject was intended to be covered. Thus section 1452 of the Penal Law provides: ‘ ‘ Whoever prints, publishes, distributes or circulates * * * notice of any kind offering to advise on laws of any foreign state, nation or jurisdiction for the express purpose of procuring or aiding in procuring any divorce, severance, dissolution, or annulment of any marriage * * * is guilty of a misdemeanor.”
Possible situations having no impact on New York State in which appellant is restrained from giving advice have been cited to our attention, such as advising a resident of Mexico, temporarily in New York, with reference to a business transaction or litigation pending in Mexico, or with reference to the preparation of a Mexican will; advising a Mexican national residing in New York with reference to the procedure to obtain restitution of property in Mexico seized by the Mexican Government; advising a resident of New York with reference to the preparation and execution of a power of attorney in Spanish valid under Mexican law to effect the sale of real estate valid in Mexico; or to a resident in New York in reference to procedure to be followed in Mexico to establish rights of inheritance under Mexican law. In none of such situations would the advice given or services rendered constitute practice of law within the meaning of sections 270 and 271 of the Penal Law.
The serious consequences of the full reach of this injunction should not be obscured by the ill repute of Mexican divorces. Our eyes should be open to the circumstance cited by the Association of the Bar of the City of New York in support of a modification, that the principle underlying this injunction also prevents the giving of legal advice in this State on other subjects then divorce by lawyers of other countries regarding business, financial or personal transactions anywhere in the world.
*235 We are told and have no reason to doubt that many law firms in New York have offices in other cities, such as Washington, Boston, London and Paris, and that many have foreign associates who are not licensed to practice in New York. The ethical propriety of such arrangements has always been recognized, provided that it is made clear in each jurisdiction that unlicensed foreign associates are not admitted to practice in that jurisdiction. The performance of such services by American lawyers in Great Britain, France or Germany, for example, would be precluded by the application in those jurisdictions of the doctrine now announced by the majority of this court.
When the Legislature enacted section 270 of the Penal Law, it was charged with knowledge of these prevailing customs and practices in this State and did not prohibit them (People v. Title Guar. & Trust Co., 227 N. Y. 366, 375).
In this century when the United States has become the creditor nation of the world and when the ramifications of our industrial, commercial, financial and recreational lives extend to every corner of the globe, it is especially improbable that the Legislature intended to preclude the giving of legal advice in this State to our citizens concerning these far-flung enterprises by trained lawyers from abroad who are equipped to give accurate information and opinions regarding them. The customary residential requirements for admission to the Bar would in themselves often preclude their becoming admitted to our Bar.
It is said that such practitioners may give advice here regarding foreign law provided that they are employed to do so in conjunction with some lawyer who is admitted to practice in this State, but that would be inconsistent with the principle underlying the order appealed from. It would be quite as much practicing law to advise a New York State lawyer as it would be to advise a layman, at least, unless the New York lawyer assumed responsibility for the correctness of the advice and did not act as a conduit to transmit the foreign lawyer’s advice to the client. In the latter event, the New York lawyer would be merely a “ stand in ”, and, if the theory of petitioner be sound, would be unethically splitting fees with persons engaging in illegal practice of the law. All that would be accomplished by that would be to obtain remuneration for a New York lawyer for the rendition of no service which he is qualified to perform, *236 which would tend to justify the charge that the motive of such restrictions is “ feather bedding ” rather than the protection or advantage of the public. The foreign lawyer would still be practicing law in this State under petitioner’s theory, it seems to me, unless the New York State lawyer educated himself in the laws and customs of the countries in the world where his client is concerned, so as to be able to evaluate and indorse the views of the foreign lawyers on his own knowledge and responsibility. In that event, of course, the services of the foreign lawyer would be unnecessary. This sweeping injunction would preclude the practicing of law by foreign lawyers here in counseling New York lawyers, with whom they would divide fees paid for advice given exclusively in regard to foreign law or for services in courts of foreign countries.
The omission of the Legislature to enact statutes licensing or regulating the conduct of foreign lawyers in practicing purely foreign law in this State, does not indicate that such conduct is prohibited by sections 270 and 271 of the Penal Law, but merely that the Legislature has not seen fit to subject them to regulation. Whatever the merits of such proposed legislation, it is not for us to enact it. If foreign lawyers came under sections 270 and 271 of the Penal Law, it would stifle their activities to the detriment of the large and increasing number of our nationals who engage in transactions in foreign countries, inasmuch as it would be impossible for most of them to be admitted to practice in this State.
The order appealed from should be modified by limiting the injunction to the facts of this case, i.e., the performance by appellant of legal services for New York residents in connection with Mexican law insofar as such services involve advice with respect to the application of such law to legal status or other rights or obligations under the law of New York, and, as so modified, should be affirmed.
Conway, Ch. J., Desmond, Dye and Burke, JJ., concur with Froessel, J.; Van Voorhis, J., dissents in an opinion in which Fuld, J., concurs.
Order affirmed.